IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN CLIFTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 08 C 4928 |
| | ) |
| KEN BARTLEY, | ) |
| | ) |
| Respondant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Melvin Clifton's (Clifton) petition for writ of habeas corpus (Petition). For the reasons stated below, the Petition is dismissed.

**BACKGROUND**

Clifton was convicted in a jury trial in Illinois state court of first degree murder and attempted first degree murder. On May 22, 1998, Clifton was sentenced to 55 years of imprisonment on the first degree murder conviction and 25 years of imprisonment on the attempted first degree murder conviction, with the sentences to run consecutively. Clifton appealed his conviction and sentence, and on April 24, 2001, the Illinois Appellate Court affirmed Clifton's conviction, but vacated the

1

order requiring Clifton's sentences to run consecutively in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See People v. Clifton*, 750 N.E.2d 686, 708 (Ill. App. Ct. 2001). Clifton filed a petition for leave to appeal (PLA) to the Illinois Supreme Court, which was denied on February 5, 2003. However, in its February 5, 2003 order, the Illinois Supreme Court directed the Illinois Appellate Court to vacate the judgment it entered on April 24, 2001, and reconsider its decision in light of additional case law. *See People v. Clifton*, 783 N.E.2d 31, 31 (Ill. App. Ct. 2003). On August 4, 2003, in a revised decision, the Illinois Appellate Court again affirmed Clifton's conviction. *People v. Clifton*, 795 N.E.2d 887, 903 (Ill. App. Ct. 2003). The Illinois Appellate Court also held that the consecutive sentences originally imposed in Clifton's case were proper, and Clifton's original sentence was therefore affirmed. *Id.* Clifton did not file a PLA relating to the Illinois Appellate Court's revised decision.

On May 17, 2001, during the pendency of Clifton's direct appeal, Clifton filed a petition for post-conviction relief (Post-Conviction Petition) in the Circuit Court of Cook County, Illinois. On June 30, 2004, after an evidentiary hearing, the trial court denied the Post-Conviction Petition. (R. Mot. Ex. F, C7). Clifton appealed, and the Illinois Appellate Court affirmed the denial of Clifton's Post-Conviction Petition on June 30, 2006. (R. Mot. Ex. G, 1). Clifton then filed a PLA to the Illinois Supreme Court relating to his Post-Conviction Petition, which the Illinois Supreme Court denied on November 29, 2006. (R. Mot. Ex. H). The record reflects that Clifton did

not file a timely petition for writ of certiorari in the United States Supreme Court with respect to his Post-Conviction Petition. (Pet. 2, 31); (R. Mot. Par. 4).

On August 10, 2007, Clifton filed a successive petition for post-conviction relief (Successive Petition) in the Circuit Court of Cook County. The People moved to dismiss the Successive Petition, and the motion to dismiss was granted on April 15, 2010. (R. Mot. Ex. J, C49, C12). On May 14, 2010, Clifton appealed the decision, and on November 18, 2011, the Illinois Appellate Court affirmed. (R. Mot. Ex. K). Clifton did not file a PLA to the Illinois Supreme Court relating to his Successive Petition.

Clifton first filed a habeas petition in this court on August 28, 2008, while Clifton's Successive Petition was pending in the Circuit Court of Cook County. On November 13, 2008, this court dismissed Clifton's habeas petition without prejudice since Clifton had not exhausted all of the remedies available to him at the state court level. On February 24, 2012, Clifton filed an amended habeas petition in this court, which this court dismissed without prejudice since it was not submitted on the forms required under Local Rule 81.3(a) of this court. Subsequently, Clifton filed the instant Petition, and on January 9, 2013, the instant action was reinstated. Clifton alleges in his Petition that he received ineffective assistance of trial counsel, that his due process rights were violated, that the evidence against him was insufficient to sustain a conviction, that his sentence violates the United States Supreme Court decision in *Apprendi*, and that "certain void and unconstitutional statutes and laws of

3

Illinois were utilized as charging instruments." (Pet. 60). Respondent now moves to dismiss the Petition.

**LEGAL STANDARD**

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

**DISCUSSION**

I.  Timeliness of Petition

Respondent argues that the instant Petition should be dismissed as untimely based on the statute of limitations for filing a habeas petition.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The Petition does not allege any state-created impediment to filing the Petition, any newly recognized constitutional right, or any newly discovered factual predicate of the claims presented.  Thus, 28 U.S.C. § 2244(d)(1)(A) is the only provision relevant to the instant Petition.

As discussed above, on August 4, 2003, the Illinois Appellate Court affirmed Clifton's conviction and sentence on direct appeal.  Under the version of Illinois Supreme Court Rule 315(b) in effect at that time, Clinton had twenty-one days from that date, or until August 25, 2003, to file a PLA in the Illinois Supreme Court.  Ill

5

Sup. Ct. R. 315(b). Clinton failed to file such a petition, and thus the judgment in Clinton's case became final, and the limitations period began to run, on August 25, 2003. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), the deadline for Clinton to file a federal habeas petition was August 25, 2004.

As discussed above, Clinton filed a Post-Conviction Petition in state court on May 17, 2001. Since the Post-Conviction Petition was properly filed, such filing tolled the limitations period for filing a federal habeas petition, pursuant to 28 U.S.C. § 2244(d)(2), until November 29, 2006, when the Illinois Supreme Court denied the PLA relating to the Post-Conviction Petition. *See* 28 U.S.C. § 2244(d)(2)(stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *see also Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008)(noting that the statute of limitations is not tolled "during the 90 days [a petitioner] could have sought certiorari after the state supreme court denied leave to appeal in his postconviction proceedings")(citing *Lawrence v. Florida,* 549 U.S. 327 (2007)). Therefore, Clifton's time for filing a federal habeas petition began to run on November 29, 2006, and expired on November 29, 2007.

Although Clifton filed the Successive Petition on August 10, 2007, such filing did not toll the limitations period since the Successive Petition was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *See* 725 ILCS 5/122-

1(f)(permitting "[o]nly one petition [to] be filed by a petitioner . . . without leave of the court"); *see also Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009)(indicating that "where state law requires pre-filing authorization-such as an application for permission to file a successive petition-simply taking steps to fulfill this requirement does not toll the statute of limitations," and that "[i]nstead the second petition tolls the limitations period only if the state court grants permission to file it")(citations omitted). Clifton did not file his initial federal habeas petition until August 19, 2008, which was almost eight months after the November 29, 2007, date upon which the statute of limitations expired. Therefore, even if the instant Petition were deemed to relate back to the date of Clifton's initial federal habeas filing, the instant Petition would be untimely.

II. Equitable Tolling Doctrines

Although Clifton has not argued that the court should apply any equitable tolling doctrines to the Petition, the court will consider whether equitable tolling might be appropriate in this case. If applicable, a tolling doctrine would "stop the statute of limitations from running even if the accrual date ha[d] passed." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). The first potentially relevant doctrine is the doctrine of equitable estoppel, which "comes into play" if the respondent took "active steps to prevent" the petitioner from filing the Petition in time, such as "by promising not to plead the statute of limitations." *Id.* at 450-51

(citations omitted). No such facts have been presented with respect to the Petition, and therefore the doctrine of equitable estoppel does not apply.

The second potentially relevant doctrine is the doctrine of equitable tolling. The Seventh Circuit has applied the equitable tolling doctrine to habeas petitions that would otherwise be barred by 28 U.S.C. § 2244(d). *See, e.g., Simms v. Acevedo*, 2010 WL 572742, at *7 (7th Cir. 2010); *Tucker v. Kingston* 538 F.3d 732, 734 (7th Cir. 2008). Equitable tolling is an extraordinary remedy that is "rarely granted." *Tucker*, 538 F.3d at 734; *see also Simms* at *7 (declining to apply equitable tolling to habeas petition filed one day after statute of limitations expired because petitioner "failed to act diligently in pursuing his federal rights" when petitioner "waited nearly a year from the withdrawal of his previous state court petition to begin his final attempts at state court review"). For Clifton to be entitled to equitable tolling, he must show "that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition, . . . [and that] he has diligently pursued his claim, despite the obstacle." *Id.* (citations omitted). Clifton has made no such showing, and in fact, Clifton has failed to file any response to the motion to dismiss. Therefore, Respondent's motion to dismiss is granted.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the

applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a habeas petition is denied strictly on procedural grounds, as in this case, a certificate of appealability should only be issued if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000). In the instant action, Clifton has not shown that a reasonable jurist could debate the untimeliness of the Petition. Therefore, should Clifton decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, the Petition is dismissed, and the court declines to issue a certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 18, 2013

9